IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-382-BO

| | |
|---|---|
| RICKY L. MASON and MARCUS GLOBUSCHUTZ, <br> Plaintiffs, <br><br> v. <br><br> NORTH CAROLINA DEPARTMENT OF CORRECTIONS, <br> Defendant. | ORDER |

This cause comes before the Court on plaintiffs' motion for leave to file second amended complaint. Also before the Court is plaintiffs' motion for extension of time and to extend deadlines in scheduling order.

## BACKGROUND

Plaintiffs filed this action in Wake County Superior Court alleging claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as well as claims for intentional infliction of emotional distress, negligent infliction of emotional distress, and retaliation and discrimination in violation of North Carolina Public Policy. Defendant removed the action to this Court and on September 6, 2012, and an order setting scheduling deadlines was entered. Plaintiffs sought to amend their complaint to add a claim for relief under 42 U.S.C. § 1981 for failure to promote, disparate treatment, and retaliation. The Court denied plaintiffs' request as futile and allowed plaintiffs until February 14, 2014, to again seek leave to file an amended complaint.

Prior to plaintiffs' filing their second request to amend their complaint, defendant moved for summary judgment.

## DISCUSSION

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend his pleadings as a matter of right under certain circumstances or with the opposing party's consent or leave of court. Fed. R. Civ. P. 15(a)(1)-(2). Further, Rule 15 directs that leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). A court should only deny leave to amend a pleading when the amendment would be prejudicial to the opposing party, where there has been bad faith on the part of the moving party, or when the amendment would be futile. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Court first addresses plaintiffs' request to add a claim against defendant, the North Carolina Department of Corrections, under 42 U.S.C. §§ 1981 and 1983. The North Carolina Department of Corrections is an agency or arm of the State of North Carolina. *See e.g. Bennett v. Reed*, 534 F. Supp. 83, 85 (E.D.N.C. 1981) (Department of Corrections shares the state's sovereign immunity); *Pharr v. Garibaldi*, 252 N.C. 803, 808-09 (1960). Where, as here, a suit seeks monetary damages and not prospective injunctive relief, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983" and are therefore not subject to suit. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Howlett v. Rose*, 496 U.S. 356, 365 (1990) ("*Will* establishes that the State and arms of the State . . . are not subject to

2

Case 5:12-cv-00382-BO Document 39 Filed 04/11/14 Page 2 of 4

suit under § 1983"). Plaintiffs' request to amend their complaint to include a claim against the Department of Corrections under §§ 1981 and 1983 is therefore futile and is denied as such.[1]

Plaintiffs further seek to amend their complaint in order to allege and attach supporting documentation pertaining to Mason's activity with respect to the EEOC. Defendant contends that this proposed amendment constitutes bad faith as it could have been alleged when the complaint was initiated and is now made only in response to defendant's motion for summary judgment. In regard to defendant's bad faith argument, the Court notes that defendant elected to file its motion for summary judgment *prior* to the deadline imposed by the Court on plaintiffs to seek leave to file an amended complaint and well-prior to the close of discovery and the dispositive motion filing deadline. Moreover, although defendant in its motion for summary judgment contends that this Court lacks subject matter jurisdiction over Mason's claims due to his failure to properly invoke jurisdiction and establish his charge with the EEOC, defendant did not move to dismiss Mason's claims pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure in lieu of filing a responsive pleading. In light of such steps, plaintiff Mason's attempt to cure any deficiencies in his complaint, and this circuit's strong preference for resolving cases on their merits, *see United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), the Court allows plaintiffs' request to amend their complaint in order to allege and attach supporting documentation pertaining to Mason's activity with respect to the EEOC.

## CONCLUSION

Accordingly, plaintiffs' motion for leave to file a second amended complaint [DE 31] is GRANTED IN PART and DENIED IN PART. Plaintiffs' amended complaint shall be filed no later than April 18, 2014. In light of the foregoing, defendant's motion for summary judgment

---

[1] As noted in its prior order, a party may not maintain suit against a state under § 1981 as § 1983 provides the exclusive remedy for alleged violations of § 1981. *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 735 (1989).

3

[DE 29] is DENIED WITHOUT PREJUDICE with leave to refile in response to plaintiffs' amended complaint. As no further discovery is deemed necessary, plaintiffs' motion to extend deadlines in the scheduling order [DE 34] is GRANTED IN PART and DENIED IN PART. The dispositive motion filing deadline is hereby extended to May 1, 2014.

SO ORDERED, this _11_ day of April, 2014.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE