IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-382-BO

| | |
|---|---|
| RICKY L. MASON and MARCUS GLOBUSCHUTZ, Plaintiffs, | )<br>)<br>)<br>) |
| v. | )     **ORDER** |
| NORTH CAROLINA DEPARTMENT OF CORRECTIONS, Defendant. | )<br>)<br>)<br>)<br>) |

This cause comes before the Court on defendant's motion to dismiss and motion for summary judgment. Plaintiffs have filed a motion to extend time to respond and a motion for hearing. The pending motions have been fully briefed and are ripe for adjudication. For the reasons discussed below, defendant's motion to dismiss and motion for summary judgment are granted, plaintiffs' motion to extend time is granted, and plaintiff's motion for hearing is denied.

## BACKGROUND

Plaintiffs are both white, male corrections officers employed by defendant at the North Carolina Correctional Institute for Women. Plaintiffs filed this action in Wake County Superior Court alleging claims under, *inter alia*, Title VII of the Civil Rights Act of 1964. 42 U.S.C. §§ 2000e *et seq*. Defendant removed the action to this Court pursuant to its federal question jurisdiction. By order filed April 11, 2014, the Court allowed plaintiffs to file a second amended complaint and amended the dispositive motion filing deadline accordingly. Plaintiff Mason alleges that defendant has discriminated against him in the terms and conditions of his employment on the basis of his race and gender and retaliated against him for complaining about discrimination in violation of Title VII. Both plaintiffs allege that defendant's practices and

conduct amount to intentional infliction of emotional distress, negligent infliction of emotional distress, and that defendant has engaged in retaliation and discrimination in violation of North Carolina public policy.

## DISCUSSION

### Motion to Dismiss

Defendant seeks to dismiss plaintiffs' second through fourth causes of action as barred by the Eleventh Amendment or the doctrine of sovereign immunity. Plaintiffs concede that counts two through four of the second amended complaint are barred by the doctrine of sovereign immunity and that the Court lacks subject matter jurisdiction over such claims or that plaintiffs have failed to state claims upon which relief could be granted. [DE 49]; Fed. R. Civ. P. 12(b)(1); 12(b)(6). For this reason, defendant's motion to dismiss is GRANTED and plaintiffs' claims two through four are DISMISSED.

### Motion for Summary Judgment

Defendant further seeks entry of summary judgment in its favor on plaintiff Mason's claim that defendant violated Title VII of the Civil Rights Act of 1964 in discriminating against Mason in the terms and/or conditions of his employment on the basis of his race and gender and for retaliating against Mason for complaining about defendant's discriminatory actions.[1]

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ.

---

[1] The Court notes that, as raised by defendant, Mason's Title VII claim in his second amended complaint appears to refer to several causes of action, including failure to promote, harassment, hostile work environment, and retaliation. Because Mason has only addressed claims for failure to promote and retaliation in his response to the instant motion, the Court considers only those claims when determining whether summary judgment in favor of defendant is appropriate. By failing to respond to defendant's summary judgment motion as to claims for hostile work environment and harassment that Mason may have intended to allege, he has waived his opposition to entry of summary judgment in favor of defendant.

2

P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment; "there must be evidence on which the [fact finder] could reasonably find for the [nonmoving party]." *Anderson v. LibertyLobby, Inc.*, 477 U.S. 242, 252 (1986). Speculative or conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002). Title VII protects employees from personnel actions that discriminate on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a).

I. DISPARATE TREATMENT/FAILURE TO PROMOTE

Mason first alleges that defendant discriminated against him by failing to promote him to the position of Correctional Lieutenant after Mason had applied and was interviewed for several lieutenant positions. Defendant contends that Mason has failed to exhaust his Equal Employment Opportunity Commission (EEOC) remedies as to his claim that defendant failed to promote Mason to Correctional Lieutenant positions #32060 and #32061, and that the Court is thus without jurisdiction to consider his Title VII claim as it relates to these positions.

Title VII requires that an aggrieved employee must file a charge of discrimination with the EEOC, generally within 180 days after the alleged unlawful employment practice occurred.

3

42 U.S.C. § 2000e-5(e)(1). A plaintiff may proceed to file an employment discrimination action in the federal courts only after a charge has been filed with the EEOC. 42 U.S.C. § 2000e-5(f)(1). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent ... lawsuit." *Evans v. Techs. Application & Svc. Co.*, 80 F.3d 954, 963 (4th Cir. 1996). Claims which have not been exhausted fall outside of the scope of the EEOC charge and are procedurally barred. *Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005).

Mason's August 24, 2010, EEOC charge references that he has been applying for promotion to the rank of Lieutenant since 2008 and has not been selected. [DE 40-1]. Mason's charge further references that the discrimination is a continuing action. Mason's applications for positions #32552 and #32553 were submitted within 180 days of Mason's August 2010 EEOC charge, and are therefore appropriately within the scope of that charge. Though Mason's later-filed EEOC charges does not specifically reference his failure to be promoted or positions #32060 and #32061, because these positions are the same type of positions as those covered by the August 2010 EEOC charge and Mason has alleged the same type of discrimination, the Court finds Mason's failure to promote claim as to these positions to be reasonably related to the 2010 charge and not procedurally barred. *See Chacko*, 429 F.3d at 513 (administrative complaint process designed to avoid presentation of different cases in the EEOC charge and at trial).[2]

---

[2] Defendant further contends that by expressly referring only to position #32061 in his second amended complaint, Mason has failed to allege a claim for failure to promote as to the remaining positions. While the second amended complaint, though drafted by counsel, does not include claims pled with great specificity, the Court finds that plaintiff has satisfied the requirements Rule 8 of the Federal Rules of Civil Procedure and considers the failure to promote claim as it relates to positions #32552, #32553, #32060, and #32061.

4

Mason concedes, however, that because position #32061 was filled by another white male, he cannot make a showing of discrimination as to that position because the individual promoted is a member of Mason's class. [DE 47 at 14]. Defendant contends that Mason did not actually apply for position #32060, and the record is conflicted as to whether Mason submitted an application for that position. The applications in the record reflect only that Mason applied for position #32061, [DE 50-2; 50-3], but an applicant/employee verification statement reflects that Mason had applied for positions #32060 and #32061. [DE 47-9]. Because on summary judgment the Court is to consider the evidence in the light most favorable to the non-moving party, the Court considers whether Mason has made a sufficient showing of disparate treatment in promotion as to position #32060. Thus, the Court considers whether defendant is entitled to summary judgment on Mason's failure to promote claim related to positions #32552, which was filled by a Hispanic male, #32553, which was filled by a black male, and #32060, which was filled by a black female.

The parties have further addressed whether, because Mason is a white male, it is appropriate for the Court to consider his Title VII claims under a heightened standard. The Fourth Circuit has not expressly decided whether "reverse discrimination" cases place a higher prima facie burden on plaintiffs. *See McNaught v. Virginia Cmty. Coll. Sys.*, 933 F. Supp. 2d 804, 819 (E.D.Va. 2013) (discussing circuit split, the absence of controlling authority on the issue in this circuit, and concluding that "[a]fter reviewing the cases on both sides [of the circuit split], ... [the court] will apply the standard *McDonnell Douglas* test and will not require [plaintiff] to make an enhanced showing."). For the reasons discussed in *McNaught*, the Court will apply the standard *McDonnell Douglas* test here.[3]

---

[3] Mason's claims are properly analyzed under the burden-shifting framework as Mason has not presented direct or circumstantial evidence that his race and sex motivated his employer's

5

Under this burden-shifting framework, a plaintiff claiming disparate treatment by failure to promote must first establish a prima facie case by a preponderance of the evidence by demonstrating (1) that he is a member of a protected class,[4] (2) that he applied for the position in question, (3) that he was qualified for the position, and (4) defendant rejected plaintiff's application under circumstances giving rise to an inference of unlawful discrimination. *Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 268 (4th Cir. 2005). If the plaintiff can establish a prima facie case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the decision not to promote the plaintiff. *Id.* The plaintiff then has an opportunity to show that the reason articulated by the employer is merely pretext for discrimination. *Id.* "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

Even assuming, without deciding, that Mason has made a prima facie showing of discriminatory failure to promote, defendant has articulated a legitimate, non-discriminatory basis for failing to select Mason for the lieutenant positions for which he applied. Defendant has submitted the affidavit of Barbara Harris, Warden of the North Carolina Correctional Institute for Women. [DE 44-8]. Warden Harris served as hiring manager for the positions at issue. In selecting among applicants for each lieutenant position, defendant utilized a merit-based

---

adverse employment decision. *See Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 284-85 (4th Cir. 2004).

[4] Mason proceeds under a sex-plus theory of discrimination; that is to say, he alleges to have been discriminated against due to membership in a sub-class of white males, not because of his membership in a single race or sex class. *See Arnett v. Aspin*, 846 F. Supp. 1234, 1239 (E.D. Pa. 1994)("What has emerged from *Phillips* and its progeny is a rule which allows plaintiffs to bring a Title VII claim for sex discrimination if they can demonstrate that the defendant discriminated against a subclass of women (or men) based on either (1) an immutable characteristic or (2) the exercise of a fundamental right.").

6

recruitment and selection plan. A diverse panel interviewed Mason and the other applicants for the positions and scored each applicant based on the interview. Each applicant who interviewed received an overall rating of average. [DE 47-4; 47-8]. Warden Harris then "determined that, based on the objective criteria, the interview performance of the candidates in the particular pool of applicants, and the recommendation of the interview panel, Plaintiff Mason was not the best candidate in the most-qualified pool for each of the particular positions sought by Plaintiff Mason." Harris Aff. ¶ 6. Harris has further stated that race and sex were not considered in her hiring decisions. *Id.* at ¶ 7.

In order to demonstrate pretext, Mason may demonstrate either that he was clearly the better candidate such that defendant could not have preferred another candidate, *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 648 n.4 (4th Cir. 2002), or that defendant's explanation is simply unworthy of credence. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 147 (2000). Mason has done neither here. Though he asserts that he scored one point better in his interview than the applicant selected for position #32522, the record clearly demonstrates that each candidate interviewed for that position received an *overall* score by the panel of average. There is no evidence in the record that would suggest that Mason was clearly the better candidate for any position for which he applied, nor any evidence which would create a genuine issue of material fact as to whether Mason's credentials and qualifications were such that defendant, but for its discrimination against white males, could not have preferred another candidate.

Mason's basis for asserting that defendant's explanation is simply pretext relies solely on his own "unsubstantiated allegations and bald assertions concerning [his] own qualifications and the shortcomings of [his] co-workers," which fails to disprove defendant's explanation for its

7

hiring decision or demonstrate discrimination. *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 960 (4th Cir. 1996). For example, at his deposition, Mason stated that he was better qualified for a lieutenant position than ninety percent of the other employees, and specifically that he was more qualified than the black woman who was selected for position #32061, even though he was unaware at the time of what her qualifications were. Mason Dep. at 174-75. "[T]he employer has discretion to choose among equally qualified candidates, provided the decision is not based upon unlawful criteria." *Burdine*, 450 U.S. at 259. The record is devoid of evidence, other than Mason's own beliefs, that would suggest defendant's articulated basis for Mason's non-selection was based upon unlawful criteria or is not deserving of credence. Defendant is therefore entitled to summary judgment in its favor on Mason's failure to promote claim.

II. RETALIATION

In order to make a prima facie showing of retaliation under Title VII, Mason must show (1) he engaged in protected activity; (2) that defendant took adverse action against him; and (3) a causal connection existed between the adverse action and Mason's protected activity. *Price v. Thompson*, 380 F.3d 209, 212 (4th Cir. 2004). "The retaliation must merely be materially adverse to a reasonable person, i.e. sufficient to dissuade a reasonable person from charging discrimination." *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 352 (4th Cir. 2011) (internal quotations and alterations omitted) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)). If Mason makes out a prima facie claim, the evidentiary burden of production then shifts to defendant to articulate legitimate, non-retaliatory reasons for its actions. If it does, Mason must then show by a preponderance of the evidence that those reasons were, in fact, pretextual. *Price*, 380 F.3d at 212.

It is uncontested that Mason engaged in protected activities by filing complaints with the EEOC. Mason identifies the following actions taken by defendant as materially adverse in his response to the motion for summary judgment: an investigation under the Prison Rape Elimination Act (PREA) after an inmate accused him of having an intimate relationship with her; denial of Mason's request to take leave on December 2, 2010, after an interview at another correctional facility; Mason's being sent home on December 8, 2010, after being told he had accrued too many holiday hours; an accusation that Mason had been seen asleep on his post on December 12, 2010; and being issued a written warning on May 5, 2011, after another sergeant reported him as having a loaded gun in the armory.[5]

Mason has failed to demonstrate that he suffered adverse employment action when he was denied a request to take leave and sent home early due to too many holiday hours. Mason has not proffered any evidence that would show that such actions were in violation of defendant's personnel policies or that such actions were so out of the ordinary that they amount to more than the "petty slights and minor annoyances that often take place at work . . .." *Burlington N. & Santa Fe Ry*, 548 U.S. at 68. Because Mason has not shown that such actions by defendant would dissuade a reasonable employee from making a charge of discrimination, Mason has not demonstrated that such personnel actions were materially adverse and has thus failed to make his prima facie showing of retaliation as to these instances.

Even assuming, *arguendo*, that Mason has demonstrated a prima facie case of retaliation as to his investigation under the PREA, investigation for sleeping on duty, and receipt of a written warning for having a loaded weapon, defendant has proffered legitimate, non-discriminatory reasons for the actions that it took and Mason has not proffered sufficient

---

[5] Mason's allegations in his complaint appear to raise other instances of alleged retaliation, but as Mason has objected to entry of summary judgment in defendant's favor by arguing only these instances, the Court limits its consideration of Mason's claim accordingly.

9

evidence to demonstrate that the reasons offered are mere pretext. The PREA *requires* that all allegations of sexual misconduct that occur within a correctional institution be investigated. Harris Aff. ¶ 4. Mason's own statement that he had heard that Warden Harris has inmates "set up" staff is simply insufficient demonstrate pretext, as is the statement of Sergeant Barnes, who stated that during Mason's PREA investigation she was questioned several times about whether Mason had attempted to contact the inmate who filed the allegation and that she found that unusual because she had never been questioned about an officer's involvement with an inmate prior to that time. Barnes Aff. ¶ 20.

In December 2010, another sergeant accused Mason of sleeping while he was working in the gatehouse. Mason. Dep. at 149. An investigation was conducted, and ultimately it was determined that Mason had not been sleeping and he was not disciplined. Mason relies on his own beliefs and the statement of Sergeant Barnes that the circumstances surrounding his being observed sleeping and reported suggest that someone was attempting to catch Mason in the act. *See e.g.* Barnes Aff. ¶ 22. Sergeant Barnes went on to state that she was not sure whether Mason was in fact asleep in the gatehouse during the incident in question. *Id.* at ¶ 24. Mason does not contest that sleeping while on duty is a violation of defendant's policies, and where an investigation is the result of a reported neglect of duty it will not normally support a claim for retaliation. *See e.g. Settle v. Baltimore Cnty*, 34 F. Supp.2d 969, 1009 (D. Md. 2009).

Mason's allegations regarding his receipt of a written warning, which was ultimately rescinded, after another sergeant reported him for having a loaded firearm in the armory in violation of policy, suffers from the same deficiency. Mason does not contest that such conduct if it occurred would be appropriately reported and investigated as violative of defendant's policies and procedures. Mason states that he does not know why the sergeant who reported him

made the complaint, but that he believes that the administration told her to make the report. Mason Dep. at 105-6. Mason proffers no further evidence beyond his own speculation that the administration somehow orchestrated the filing of the report, and he has presented no evidence that defendant did not believe that the report of Mason's alleged misconduct was legitimate. *See e.g. Holland v. Washington Homes, Inc.*, 487 F.3d 208, 218 (4th Cir. 2007) (in establishing that proffered reason for allegedly retaliatory conduct is pretext, the focus is on the perception of the decision maker and not the self-assessment of plaintiff).

Because Mason has failed to establish a prima facie case for retaliation, and, even where the Court assumes a prima facie case could be established, Mason has failed to demonstrate or create a genuine issue of material fact as to whether defendant's proffered reasons for its actions were pretextual, summary judgment in favor of defendant on Mason's retaliation claim is appropriate.

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion to dismiss [DE 42] is GRANTED and defendant's motion for summary judgment [DE 44] is also GRANTED. Plaintiffs' motion for extension of time [DE 46] is GRANTED. As the materials before the Court are adequate and oral argument would not aid the Court in its decision, plaintiffs' request for hearing [DE 51] is DENIED. The clerk is DIRECTED to enter judgment for defendant and to close this case.

SO ORDERED, this 7 day of August, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE